FILED

ESTATE OF CASTANEDA,
Jose Castaneda, aka, James Blume USMC, Per Court Order
596 Douglas Street
Pasadena, CA 91104
(626)380-5439;  kasta626@gmail.com
Executor of Estate in GP013531 & GP 013952

2019 JAN 31  AM 10: 16

L/N

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA+

| | |
|---|---|
| **ESTATE OF CASTANEDA**, Jose Castaneda, aka, James Blume USMC, Executor of Estate in GP013531, GP003849 & GP 013952, Pending<br><br>Plaintiff,<br><br>vs.<br><br>The L.A.S.C, State Bar of CA. Comm. Jud. P., Judge Debre Katz Weintraub, Disbarred Jack K Conway, Lisa Marie MacCarley, Michael J. Flanagan, Robert Gomez, James R. Felton, Manuel Hidalgo, Oscar A. Acosta, Former Judge Joseph Frances DeVanon, Washington Mutual Bank; JP Morgan Bank; California AND DOES 1-100<br>Defendant(s) | Case No.:<br><br>**CV19-00736-PA. MAAx**<br><br>PETITION TURNOVER OF ESTATE PROPERTY PURSUANT TO PROBATE CODE § 850; AND FOR DOUBLE DAMAGES PURS. TO §859; §7.8 TORTIOUS INTERFERENCE WITH EXPECTED INHERITANCE; F.R.C.P. RULE 60 (b)(3) INTRINSIC & EXTRINSIC COURT FRAUD; JUDICIAL R.I.C.O. |

## TO THE CLERK OF THE ABOVE ENTITLED COURT:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, The Estate of Felicitas Castaneda, through Administrator and Executor of the Estate (Plaintiffs") hereby remove to this Honorable Court the Probate State Court Action(s) described below:

**PAID**
JAN 3 1 2019
Clerk, US District Court
COURT 4612

**1.** On January 13, 2016 a California Probate Code Section §850-859 Motion was properly filed and noticed with the Superior Court in Los Angeles, which was assigned for all purposes to Dept. 29, presided by Judge Yolanda Orozco. The Motion rightfully sought for the return of the funds pursuant to § 859. Remedies for wrongful taking, concealment, or disposition of property belonging to conservatee, minor, elder, dependent adult, trust, or estate of a decedent in bad faith; in addition, the statute provides in part:

"If a court finds that a person has in bad faith wrongfully taken, concealed, or disposed of property belonging to a conservatee, a minor, an elder, a dependent adult, a trust, or the estate of a decedent, or has taken, concealed, or disposed of the property by the use of undue influence in bad faith or through the commission of elder or dependent adult financial abuse, as defined in Section §15610.30 of the Welfare and Institutions Code, the person shall be liable for twice the value of the property recovered by an action under this part. In addition, except as otherwise required by law, including Section §15657.5 of the Welfare and Institutions Code, the person may, in the court's discretion, be liable for reasonable attorney's fees and costs. The remedies provided in this section shall be in addition to any other remedies available in law to a person authorized to bring an action pursuant to this part." *Estate of Young* (2008, 4th Dist) 160 Cal App 4th 62, 72 Cal Rptr 3d 520, 2008 Cal App LEXIS 231. *Estate of Janice Helena Kraus* (2010, 2d Dist) 184 Cal App 4th 103, 108 Cal Rptr 3d 760; 2010 Cal App LEXIS 572.

Judge Orozco in error ruled that the Code of Civ. Proc. §397, the "Prefiling Order" filed in Case BC466737 (Estate of Castaneda v. Attorney Robert Berke, "the Berke Lawsuit" for Court Corruption, Perjury, "Fixing Cases" for $996,002.45), against Adm. of the Estate of Castaneda, Jose Castaneda, by Judge Hickok applied in this case. Be advised, Judge Hickok overruled a higher court decision from May 11, 2010, in B223549, Mercado v. Castaneda on same "VL by the Court of Appeals 2nd

App. Dist. Div. 5.  The Administrator of the Estate, Mr. Castaneda, was appealing a $996,002.45 "Judgment" in an Entry of Default as Mr. now disbarred attorney Jack K. Conway "knowingly" committed perjury on a question by Judge Rita "Sunny" Miller on key Question: *"When were you retained"* Mr. Conway lied to himself and the court by stating as if true: *"Your honor, I was retained on February 2, February 3."* Attorney Paz standing next to Mr. Conway was a silent participant on the lie due to a Stipulation that was signed on February 2, two days prior to a hearing of February 4! The letters of Dec. 5, 8, 2009 from attorney Paz to disbarred attorney Conway unequivocally prove fraud.

It was requested from Judge Orozco to provide a Statement of Decision to the question: "Does the C.C.P. §397 Prefiling Order apply to a Probate Case filed and initiated by a now disbarred attorney Jack Kenneth Conway and discovery"? "Or is a 2008 Probate Case filed by a now disbarred attorney applies to a 2012 "pseudo" Vexatious Litigant Order? Thereafter, Judge Orozco was removed from Probate Dept. 29, to Dept. 77. The matter was then transferred to Probate Judge David J. Cowan.

Miramar Hotel Corp. v. Frank B. Hall & Co. Court of Appeal of California, Second Appellate District, Division One Jan 24, 1985 163 Cal. App. 3d 1126 Trial court deprived appellants of opportunity to make proposals and objections concerning trial court's statements of decision when it labeled the minute order a statement of decision and ignored appellants' request for the same.

## 2. **Removal Jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446:**

On January 13, 2016, May 26, 2016, Nov. 16, 2016 a notice of hearing regarding the petition was filed in the State Probate Court Action. As of 4/30/2016 the case is listed in "unofficial" Case Summary as being "Under Court Supervision" which was "changed" from "Dismissed after Court Trial on July 9, 2009" This is false. Court Clerks manipulate, distort, steal, and or manipulate the court files.

To the best of Plaintiff's knowledge, no further proceedings have taken place in the State Probate Court Action regarding the Petition, other than the filing and/or service on 4/25/2017 of a Motion by disbarred attorney Jack Kenneth Conway "Request to Set OSC date for Contempt." Mr. Conway response was on the filing by Administrator of a Mandatory Request for Judicial Notice of the evidence that proves the crime committed by Mr. Conway, now disbarred.

This is a civil action that may be removed to this court by Plaintiff the Estate of Castaneda pursuant to the provisions 28 U.S.C. 1332, 1441 and 1446, in that: (i) the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and (ii) at the time the petition was filed, as well as the time of this removal, each of the Defendants is a citizen of a state different from that of the Plaintiff's citizenship, as shown in more detail below. Thomas v. Artist Rights Enforcement Corp., 572 F. Supp. 2d 1194, 1197 (C.D. Cal. 2008) (A "Section 850 Petition" constitutes a "civil action… properly removable within meaning of 28 U.S.C. §1441(b)").

**3. Matter in controversy exceeds $75,000.00:** In the petition, Plaintiff, the Estate of Castaneda, seeks "damages" of not less than $6,000.00, exclusive of interest and costs. Petition, Prayer for Relief; U.S.C. §1332(a) (matter in controversy exceeding $75,000.00, exclusive interests and costs, sufficient for removal).

**4. Diversity of Citizenship:** At all times herein mentioned, Plaintiff was and still is a resident and citizen of the State of California. At all times herein mentioned – as well as at the time of the filing of the Petition with this Honorable Court, and as of the date of this removal – Defendants have been currently are (i) citizens of the State of Oregon; (ii) Citizens of the State of Alabama; and (iii) incorporated, organized, and existing under the laws of the State of Oregon and Alabama. Thus, diversity exists between the only names Defendant the Andersons, a citizen(s) of Oregon, and Defendant, Former Judge DeVanon, of which is citizen of Alabama. Accordingly, there is sufficient "minimal diversity" to merit removal. Pursuant to the requirements of 28 U.S.C. §1446(d), Plaintiffs will promptly will give notice of Removal to Defendants

through his counsel of record, Stephen Rabwin Rykoff Esq., and will promptly file with the clerk of the Stanley Mosk Superior Court a copy of the Notice of Removal.

Date: Aug 6, 2018

*[signature]*

Jose Castaneda, Executor of Estate of Felicitas Castaneda

## 5. UNIFORMITY THE LAW QUESTION OF "VL" FOR HIGHER COURT

"In 1990, the Legislature enacted section 391.7 to provide the courts with an additional means to counter misuse of the system by vexatious litigants. HN4 Section 391.7 [****7] 'operates beyond the pending case' and authorizes a court to enter a 'prefiling order' that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge. (*McColm v. Westwood Park Assn.* [(1998)] 62 Cal.App.4th [1211,] 1216 [73 Cal.Rptr.2d 288].) The presiding judge may also condition the filing of the litigation upon furnishing security as provided in section 391.3. (§ 391.7, subd. (b).)" (*Bravo v. Ismaj*, supra, 99 Cal.App.4th at p. 221.)

Contrary to this erroneous decision by Judge Orozco is the heavy litigated case Shalant v. Girardi in which two attorneys were suing each other after receiving $750,000.00 million dollars from a settlement from client Castro.

"Plaintiff, who had been declared a vexatious litigant and was subject to a prefiling order issued under Code Civ. Proc., § 391.7, filed the present action while represented by counsel. However, plaintiff lost his representation while the action was pending. The trial court granted defendants' motions to dismiss on the ground plaintiff had not complied with § 391.7. (Superior Court of Los Angeles County, Nos. BC363843 and BC366214, Teresa Sanchez-Gordon, Judge.) The Court of Appeal,

Second Dist., Div. One, Nos. B211932 and B214302, reversed the judgment, holding that § 391.7 applies only to actions filed in propria persona by a vexatious litigant.

"The Supreme Court affirmed the judgment of the Court of Appeal. The court concluded that Code Civ. Proc., § 391.7's dismissal provision did not apply because plaintiff was not in propria persona when he filed the litigation. Although plaintiff was a vexatious litigant subject to a prefiling order under § 391.7, he did not violate that order by filing the present action through counsel, and the action was therefore not subject to dismissal as violative of the order. The prefiling order prohibited plaintiff from filing any new litigation in propria persona without approval of the presiding judge of the court in which the action was to be filed. Plaintiff did not file this action in propria persona but rather filed it through counsel. Nothing in the prefiling order prohibited plaintiff from continuing to prosecute or maintain an action in propria persona as long as he did not file the action in propria persona. Plaintiff therefore did not violate the prefiling order, and the trial court erred by granting defendants' motions to dismiss. (Opinion by Werdegar, J., with Cantil-Sakauye, C. J., Kennard, Baxter, Chin, Corrigan, JJ., and Hill, J.,*Link to the text of the note concurring.) [*1165]

Clearly, the court has erred more than once, for that the same §859 Motion was again presented on November 16, 2016, in Department 79, presided by Judge David J. Cowan. The Petition seeks the turnover under California Probate Code Section §850 of property belonging to the Estate of Castaneda ("The Estate of Castaneda") as seeks recovery of the diminution of value of 2 properties, The Rutan Way ("Rutan"), and the Mercedes ("Mercedes") Property, and 6 million Dollars from an 8.2 million dollars Estate of Luis Castaneda as "Luis Left Millions in His Estate From a Previous Accident That Left Him Mentally Disabled," and then murdered in County Jail. Attorney Sonia Maria Mercado's legal declaration filed on December 3, 2008 in this Probate as she states: "Apparently, Luis left millions in his Estate from a previous

<u>accident that left him mentally disable"</u> Can an attorney accuse a former client's son of stealing millions from an Estate without no evidence of theft?

## 6. PROCEDURAL HISTORY OF UNDISPUTED FACTS

On August 16, 2007, a Civil Action GC039459, ("The Quiet Title") entitled Felicitas Castaneda v. Christina Ramirez, Susana Ramirez, was commenced at the Pasadena Superior court, in Department "P" presided by Judge Pluim, in the State of California in and for the County of Los Angeles by attorney Chad T-W Pratt, who was later suspended for over 3 years for multiple State Bar Violations in Case #13-O-12312, on 2/28/2015, and Case #12-O-16642, on 3/13/2014. The laundry list of violations was: **Count 1:** Rule 3-110(a) Failure to Perform Legal Services with Competence; **Count 2:** Rule 4-100(b)(3) Failure to Account; **Count 3:** Rule 3-700(d)(2) Failure to Return Unearned Fees; **Count 4:** Rule 3-100(a) Failure to Supervise; **Count 5:** Rule 1-300(a) Aiding to Unauthorized Practice of Law; **Count 6:** Rule 3-110(a) Failure to Perform Legal Services with Competence; **Count 7:** §6068 subd. (m) Failure to Communicate; **Count 8:** Rule 4-100(B)(3) Failure to Account. Attorney Pratt was paid an initial retainer fee of $7,500.00 by Felicitas Castaneda and Jose Castaneda. No accounting was ever provided for earned fees, upon learning that the Estate was worth millions, (source: Atty. Mercado) Attorney Pratt was demanding an additional $10,000.00. Why demand more money if the case was settled with attorney MacCarley? Was it to "create" more legal work to bill the Estate?

On August 19, 2007, a Civil Action GC039473, ("The Declaratory Relief") entitled Felicitas Castaneda v. WAMU Bank, now CHASE Bank, was also commenced at the Pasadena Superior Court in Department "S" presided by Judge Simpson, in the State of California in and for the County of Los Angeles by Attorney Chad T-W Pratt. Both lawsuits were in the settlement stages and in negotiations with Atty. Lisa Marie MacCarley ("MacCarely") and Atty. Susan Lois Formaker("Formaker"), respectively.

This case involved the discovery of an "investment" for $100,000.00 ($113,626.45) made with proceeds from the death of Luis Castaneda while in custody from a $400,000.00 settlement; as Attorney Mercado "suffers" complete amnesia at Pasadena Court in Dept. "P" presided by Judge Pluim, as Attorney Mercado testilied on May 10, 2005 in Case *Abel Buelna v. Jose Castaneda* and cannot recall where her bank is located. In a letter from Chase Bank, Claims Analyst David Andersen "confirmed" that only 36,636.45 came back into Mrs. Castaneda's account!

On December 3, 2008 Attorney Mercado had filed a Declaration in GP013952 ("The Probate") in Opposition to Jose Castaneda appointment as executor and administrator of the Estate of Castaneda. The declaration contains the statement under the penalty of perjury: *"I never had anything to do with **how** Mrs. Castaneda spent her settlement money, had no involvement with **where** she invested it, nor **what** she did with it"* How did Mercado then know that an "investment" had been made with Mrs. Castaneda's money? Yet, Attorney Mercado continued with the false statements to accuse Plaintiff Jose Castaneda with the following statement in a letter sent to attorney Michael J. Sohigian: *"In fact, unlike my usual practice, I reduced my fee. In fact, did you know that for an entire year Mrs. Castaneda was homeless because Jose **depleated** all the funds"* It has been confirmed that "investment" was managed through several "telephonic withdrawals" It has also been confirmed that the "investment" contains names of representatives that did not work at time at branch, and that they never met Mrs. Castaneda!

As to the accusation regarding Mrs. Felicitas Castaneda being homeless, if Attorney Mercado just paid client Castaneda almost $270,000.00 or 65% of $400,000.00? How can Jose Castaneda "depleate" well over six million dollars with no evidence of wrongdoing?

In the "Quiet Title" matter, GC039459, Attorney MacCarley had made an offer to settle the case in a letter to Attorney Pratt dated December 11, 2007. The offer to settle the matter and the return of the property and monies by stating in part: *"Having said that my clients agree to the transfer of property if that is what Mrs. Castaneda desires"*. Mr. Chad T-W Pratt responded on December 13, 2007, accepting the settlement offer and citing some evidence code that applies to settlements. *"We accept your offer......"* This settlement offer was never communicated to Plaintiffs Castaneda, instead, and as stated above, Mr. suspended Attorney Chad T-W Pratt was requesting and demanding an additional $10,000.00 to continue with the case while fully knowing of the fact that the matter had been resolved.

It is the impression and legal conclusion of Executor that "Apparently" some attorney told Mr. Pratt that the Estate was worth millions! Why demand more money when case was settled? And why open an Arbitration dispute against Attorney Mercado with the Los Angeles County Bar Association to later order it to be close?

Therefore, the civil action GC042105, *Ramirez v. Castaneda* filed on January 4, 2009 by Attorney Lisa Marie MacCarley on January, 2009, for "Partition" before the former corrupt Judge Joseph Francis DeVanon instantly proves the "conspiracy" among the attorneys first involved in the Estate of Castaneda which was worth millions.

If Attorney MacCarley was present with now disbarred attorney Jack Kenneth Conway in Department "P" as Judge Pluim ORDERS ALL matters to Probate, why file another illegal lawsuit that apparently cost Judge DeVanon his Judgeship? Absent Jurisdiction, all orders are moot, null and void. Probate Court had exclusive jurisdiction on the property. The first corrupt act in which former corrupt judge was directly involved was the "solicitation of a bribe" at the January 26, 2009 hearing in Department "S." The second corrupt act is for DeVanon to claim as true that Attorney Counts NEVER had contacted the court before this "Kangaroo Court" presided by

DeVanon, as he was "judicially stalking" Mr. Castaneda in 3 previous matters *Estate of Castaneda v. Anderson*, *Estate of Castaneda v. Flanagan*, and *Felicitas Castaneda v. Mercado*.

The Estate of Castaneda and Executor Jose Castaneda was denied Due Process on a lie that involved the court directly as confirmed by Court Manager Charles "Chuck" Love. Mr. Love discovered that the MC-50 was Court Stamped on February 22, 2010, BUT withheld, and then entered into the system on February 24, 2010. Court "Errors" or "human errors" never get addressed nor corrected by the Court System Corrupt Management! The Court of Appeals is even worse!

## 7. THE OBSTRUCTION OF JUSTICE BY NEGLIGENCE, CONSPIRACY, RACKETEERING, AND FRAUD UPON THE COURT BY OFFICERS.

On April 16, 2007, an in the "Quiet Title Case", Attorney Conway appeared with attorney MacCarley, and without any explanation or information, dismisses a case that had been settled by attorney Pratt! The standing Orders by Judge Pluim read: **"All matters will be adjudicated to Probate Court". See Exhibit herein.**

On April 23, 2007, again, Attorney Conway appeared once more with an attorney that made an appearance via telephone, the well-known "Bait and Switch" tactic, on behalf of the attorney of record Susan Lois Formaker.

The dismissal of this case would only benefit Sonia Maria Mercado. The "investment" was a proven "fraud" for the following reasons: **1)** Mrs. Felicitas Castaneda spoke only Spanish and could not possible have made "telephonic withdrawals", she was told she could not "touch, nor withdraw from the $100,000.00 when the fraud was discovered in 2006; **2)** David Andersen, a CHASE Compliance Analyst from Chase Financial Services "confirmed" in letter(s) that $36,626.35 can only be confirmed by the bank came back to Mrs. Castaneda's account. **3)** Agents Christian Holt and Leonard Gzesh never met Mrs. Castaneda nor Alicia Castaneda at

time of "investment" of $100,000.00. this is the $77,000.00 question that Judge Simpson refused to answer! The standing Orders by Judge Simpson read: **"All matters will be adjudicated to Probate Court". See Exhibit herein.**

On July 1, 2008, a Probate action GP013952 ("Probate Court Action") was commenced after the passing on February 26, 2008 by Felicitas Castaneda in the Superior Court of Pasadena in the State of California in and for the County of Los Angeles ("Pasadena Superior Court") by now disbarred attorney Jack Kenneth Conway entitled Estate of Felicitas Castaneda, Jose Castaneda, administrator of the Estate of Felicitas Castaneda. As of April 30, 2016, it has been "Under Court Supervision" by Judge Debre K. Weintraub. Previously, Judge(s) Daniel J. Buckley Kevin C. Brazile, Yolanda Orozco, and David J. Cowan have not addressed the §§850-859 Motion.

AGAIN, On January 13, 2016, In Department 29, A California Probate Code Section §850 Petition (the "Petition") was properly Filed and Noticed as Judge Yolanda Orozco refused to provide Plaintiff a "Statement of Decision" regarding the applicability of Code of civil Procedure §391.7, "the Pre-filing Order" pursuant to Statutory Law. The legal question is: <u>Does the C.C.P. 391.7, the "Pre-filing Order" applies to a Probate Case that was filed by a now disbarred attorney Jack Kenneth Conway?</u>

Cal. Civ. Proc. Code §§ 632 and 634 provides that a Statement of Decision must have been rendered at the request of a party, explaining the factual and legal basis for the trial court's decision on the issues specified by that party, and that if the statement failed to resolve a controverted issue or was ambiguous the defects must have been brought to the trial court's attention to avoid presumptions in favor of the judgment. On 7/22/2016 a Statement of Decision was Requested by the Court.

C.C.P. § 391.7 authorizes the issuance of prefiling orders that govern only the initiation of a lawsuit, not what occurs during the prosecution of the litigation. Shalant

v. Girardi (2010, 2d Dist)183 Cal App 4th 545, 107 Cal Rptr 3d 419, 2010 Cal App LEXIS 463.

On May 26, 2016 a hearing was again postponed to November 16, 2016, in Department 79, a Second Probate Code Section §850 Petition had been Presented to Judge David J. Cowan, who, after requesting a "prefiling order" which was not applicable to this Probate matter, the judge refused to even provide Plaintiff the courtesy of a "Statement of Decision" regarding the applicability of C.C.P. §391.7, "the Pre-filing Order".

It is undisputed then that, the filing of the Probate Action by disbarred attorney Conway, after the passing of Mrs. Felicitas Castaneda on July 6, 2008, it was preceded by a "Conservatorship" filing on February 1, 2008, by the Law Office of Lisa Marie MacCarley ("MacCarley"), and Roseann DeRosa ("DeRosa"), who intended to cover-up for the theft of funds by filing Case No. GP013531. The "Conservatorship of the person and of the Estate of Castaneda, Felicitas ("Conservatorship") was seeking to appoint Francisco Castaneda ("Francisco") as the guardian ad litem purportedly to "protect and defend" Mrs. Felicitas Castaneda from "one of her siblings" and from taking advantage and prevent further looting from Mrs. Castaneda's Estate worth millions.

Millions that Jose Castaneda had been accused of stealing years before in Case Buelna v. Castaneda, as Attorney David A. Xavier representing Mr. Castaneda was convinced that Attorney Mercado perjurer herself while testilying in case which she, Mercado, "was purportedly subpoena" by Attorney Nationales. Upon search of purported subpoena, none was found in the court file. Attorney Nationales could neither confirmed nor denied that one was ever served on attorney Mercado. Attorney Mercado is a "habitual liar" for that how cans a competent attorney nor remember where she banks, how much was paid to client, and interestingly enough, she later does

"confirm" of an "investment" being made. In addition, that attorney "in fact, reduced her retainer fees for Mrs. Castaneda", or as the saying goes, "trust but verify"

It is also undisputed fact that Mrs. Castaneda's son, Luis, who was murder in the County of Los Angeles Jail, as stated by attorney Mercado, "Luis left millions his Estate from a previous accident that left him mentally disabled". The conspiracy among both attorney MacCarley and Mercado is instantly proven by a Declaration by Mrs. Ramirez stating as true to visit Mrs. Castaneda in a hospital on "January 4, 2008." Be advised, fabricating evidence is a punishable crime. Mrs. Castaneda hospital records do not show any hospitalization on January 4, 2008. It does show that this is the exact date Mr. Conway was contracted and Mrs. Castaneda Last Will and Testament was executed. A true and correct copy of fabricated Declaration with multiple false statement by attorney MacCarley, a figment of her imagination or creative writing that was praising attorney Mercado is attached hereto as

**8. THE PETITION SEEKS TURNOVER UNDER CA PROBATE CODE SECTION 850 OF PROPERTY   BELONGING TO ESTATE.**

The Estate of Castaneda seeks recovery for the entire value of the properties and monies belonging to the Estate of Luis and Felicitas Castaneda. The official record(s) in the cases listed above proves the "Widespread Systemic Court Corruption" in the State of California. It is worthy of investigation as to the true reasons into the closing of the Pasadena Superior Court for Civil and Probate. As of today, and because of Jurisdiction, only Unlawful Detainers, Small Claims and Criminal Cases are "entertained" in this court due to the massive uncovering of court corrupt shenanigans in Civil and Probate.

The list of wrongs that have not been righted are for example: **1)** court clerks giving legal advice (wrong one, See GC044745, GC044793, GP015414, and GP015416) to Self Represented Litigants ("SLR"); **2)** Solicitation of a bribe in court by

Judge Joseph Francis DeVanon; **3)** the theft of legal documents such as an MC-50, "SOA" Substitution of Attorney by Emahn Counts filed on February 22, 2010 in GC042105, then postdated and entered into Docket on February 22, 2010; **4)** False and misleading Statements by A) Judge DeVanon and B)Attorney Lisa Marie MacCarely: A)"Mr. Counts never contacted the court", B) "I was not contacted either, your honor" This is perjury by officers of the court with the intent to steal property from the Estate. **5)** The theft of Summons, 1 page, Civil Case Cover Sheet, 4 pages, and Case Addendum, 2 pages from Case GC045202, Estate of Felicitas Castaneda v. Jack Kenneth Conway. The removal of documents was first notice administrator of the Estate when filing on July 14, 2010 with the Clerk of an Entry of Default against Mr. Conway who was known around the court as always being "*a dollar short and a day late*" Mr. Conway lost this case by not filing a response within the 30 days prescribed by the statutory law. **6)** The "Bait and Switch" of Attorneys to "engineered a case to lose to make more money when client has deep pockets. **7)**  For proof, of Fraud, perjury, and "fixing of cases" see Stipulation signed on 2/2/2009 by Conway with attorneys Paz and Berke, now deceased.

## 9. INTRODUCTION OF THE ELDER ABUSE AND DEPENDENT CIVIL PROTECTION ACT:

In a Landmark case in California the *Estate of Kraus* Court of Appeal of California, Second Appellate District, Division Five Apr 27, 2010 184 Cal. App. 4th 103 The probate court properly ordered a decedent's brother to return misappropriated funds to the decedent's estate pursuant to Prob. Code, § 850. That it was unclear who was entitled to the property did not deny residual trust beneficiaries of their interest in its rightful disposition - even if, ultimately, it did not go to the trust. The Superior Court has lost all Jurisdiction by refusing to "entertain" and Order the attorneys lead by now disbarred attorney Jack Kenneth Conway for the return of properties and almost six million dollars belonging to the Estate of Luis Castaneda and Felicitas Castaneda.

Probate Attorney Robert Gomez of Alhambra, and Oscar Acosta attempted to expose the corruption at the Pasadena Superior Court, but the impression of the Executor of the Estate is that the Court will retaliate by even pulling the licenses of both attorneys. One of the many Frauds well documented is the appearance of attorney Michael John Flanagan from Glendale before Judge Swartz, similar to Attorney Mercado, and made false and misleading statements to cover-up a fraud of almost $100,000.00 settlement in the case presented to the Probate as legitimate.

The Elder Abuse and Dependent Adult Civil Protection Act (EADACPA) (Welf & I C §§ 15660) Provides enhanced remedies for existing causes of action involving the abuse of elders or dependent adults. These include postmortem recovery for pain and suffering (see §8.8), attorney's fees and costs (see §8.9), and conservator's costs (see §8.13). EADACPA also provides for concurrent probate and civil jurisdiction in certain situations (see §§8.14-8.16) and sets forth procedures for seeking temporary restraining and protective orders for elders or dependent adult in immediate danger of abuse. (Welf & I C §15657.03) Attorney, now disbarred, Jack Kenneth Conway had knowledge and information that Mrs. Felicitas Castaneda had been the victim of massive financial abuse. Mr. Conway has information and evidence in the files that he has refuse to surrender to Administrator, specifically; an equity loan for $97,785.00 that shows was deposited into Mrs. Castaneda's bank account on or around October, 2006, approximately 17 months after a bench trial titled: Abel Buelna v. Jose Castaneda. Of note, 3 months later, her bank account showed that well over $130,000.00 were withdrawn. This infamous trial where Attorney Sonia Mercado committed perjury as confirmed by Mr. Castaneda's attorney, David A. Xavier, who said, *"This lady is lying through her crooked teeth"* Years earlier, Attorney Mercado had escorted Mrs. Castaneda to a bank at 660 S. Figueroa that was near her law offices at 777 S. Figueroa. This creates a Conflict of interest. The *"I never had anything to do with how Mrs. Castaneda spent her settlement money, had no involvement where she invested it, or what she did with it"* is instantly contradicted by the

While there are many types of "elder abuse" such as physical abuse, neglect, isolation, abduction, and financial abuse under the EADACPA, financial abuse and isolation are two types of abuse Mrs. Felicitas Castaneda was the victim of. Though, Financial Abuse is the form of abuse most likely to be alleged in Probate and Trust litigation. See §8.5. See *Mack v Soung* (2000) 80 CA4th 966. Note, however, that isolation very often may occur in situations in which undue influence, duress, or manipulation of an elder may be occurring, and would give rise to enhanced remedies for resulting financial abuse. There was a "meeting of the mind" by Attorney(s) Lisa Marie MacCarley, Sonia Maria Mercado and disbarred attorney Jack Kenneth Conway after Mr. Conway was retained for the first time on January 4, 2008.

Mr. Conway was first retained and paid a total of $8,500.00 to represent Mrs. Felicitas Castaneda in two lawsuits that had been filed by now suspended attorney Chad T-W Pratt, Case(s) No. GC039459 "The Quiet Title" and GC039473 "The Declaratory Relief" of the $100,000.00 "investment" which was discovered after the false testimony of Attorney Mercado on May 10, 2005. Opposing counsel for "The Quiet Title" was Lisa Marie MacCarley, and for "The Declaratory Relief" Attorney Susan Lois Formaker for CHASE Bank. Both lawsuits were settled proven by the letters of MacCarley of December 11, 2007 and Chad T-W Pratt of December 13, 2007. What is the reason Mr. Conway dismissed both cases? To make more money as proven by his statement to Mr. Castaneda, the *"Don't worry, we will appeal them"* who was the source to both attorneys, Pratt and Conway that the Estate was worth millions? Mercado? Paz? MacCarley? *"Apparently Luis Left millions in his estate.."* can this be the reason of the litigation of the Castaneda clan or brothers against Mr. Jose Castaneda? If Mr. Castaneda has in fact stolen the millions, then he must have properties in Florida, San Diego and of course in Escondido, California as alleged in complaint. Attorney Xavier, who represented Mr. Castaneda knew that this was false. Judge Pluim ruled in favor of Mr. Castaneda because there was no evidence to prove that Mr. Castaneda had stolen millions from the Estate. Who then stole the millions?

1
2
3
4
5
6
7
8

Besides, when a Probate is open is because there are assets in the Estate. In this matter before this Honorable Court filed in this Jurisdiction because the Anderson's have moved from California to Oregon, and Judge DeVanon to Alabama. If you are a successful attorney or judge, there is no need to move out of State, unless the trespasser(s) have committed one or multiple wrongs. There is no dispute that Judge DeVanon was selling decisions for a bribe at the Pasadena Superior Court. Proof of that is the matter "the Quiet Title" that was order to Probate by Judge Pluim as Conway and Attorney MacCarley were present when Judge gave the order on 4/16/07.

9
10
11
12
13
14
15
16
17
18

Judge DeVanon's lies and falsehoods in the Transcript of the "trial" Ramirez v. Castaneda was and made a mockery of the entire justice system. Due process went out the door in the denial of the existence of an MC-50 on file that was manipulated by the court clerks, and again denied by Attorney MacCarley. *I am the easiest human being on phase of earth to get a hold of. I can be reach by email, phone, fax.* This case is what cost former Judge DeVanon his judgeship. Along with other cases that Mr. DeVanon "decided" in favor of Jan Wells Anderson, Michael J. Flanagan, Sonia Maria Mercado and Lisa Marie MacCarley. Decisions were for sale at the Pasadena Superior Court.

19
20

### 10. §8.8 II ENHANCED REMEDIES UNDER EADACPA A. Postmortem Damages for Pain and Suffering.

21
22
23
24
25
26
27

When financial elder abuse is proven by a preponderance of the evidence, and it is proven by clear and convincing evidence that the defendant(s) has been guilty of recklessness, oppression, fraud, or malice in committing the abuse, postmortem pain and suffering are also available. Welf & IC §15667.5(b) Post-mortem pain and suffering damages, however, may not exceed the damages permitted to be recovered CC §3333,2 ($250,000.00 limitation on noneconomic damages in actions for injury against health care providers based on professional negligence).

28

The right to postmortem recovery for pain and suffering does not apply retroactively to abuse occurring before January 1, 1992. *ARA Living Centers-Pacific, Inc. v. Superior Court* (1993) 18 CA4th 1556.

It is abundantly crystal clear that a "secret plan" was organized and orchestrated by the attorneys Pratt, Conway, Mercado and MacCarley, principally to obstruct justice by the use many tactics in place at the Pasadena and Los Angeles Superior Court. It is no coincidence that on or around November 17, 2008, (BC402096, Mercado v. Castaneda) and January 5 2009, (GC042105 Ramirez v. Castaneda) Attorneys Mercado and MacCarley had filed two lawsuits that were very "costly" to the Estate of Castaneda. The first lawsuit resulted in a judgment of almost a million dollars or $996,002.45 in a case that involved the posting of the "testimony" of Sonia Maria Mercado in a YOTUBE Site by administrator of the Estate Jose Castaneda. This was a First Amendment Free Speech Case where Mr. Conway failed to file as promised with the Court for an ANTI-SLAPP Motion. That would have been the end of it. But Judge Rita "Sunny" Miller had other plans that included the theft of evidence by court clerk David Guillete, and the false and misleading testimony, again, of now disbarred Jack Kenneth Conway on May 9, 2009 hearing schedule to "set aside the Default", Default that was intentional criminal in nature by the behavior and communications Mr. Conway had with Paz.

This was confirmed by the statement of Mr. Conway stating to Mr. Castaneda: *"I can make this case go away for you, you forget about them, (Paz and Mercado), and they in turn forget about you"* In addition, the letters of December 3, 2008 and December 5, 2008 later discovered that leads one to believe Mr. Paz and Mrs. Mercado "creating" an alibi to blame Conway for this "error". "Error" intentional, that resulted in a Million dollars sanction of $996,002.45 after Mr. Conway testified to Judge Miller to the Question: *"When were you retained for this case?"* Mr. Conway, responded: *"Your Honor, I was retained on February 2, February 3"*

This is impossible! Mr. Conway had signed a Stipulation ("The Stipulation") with Attorneys Paz and Berke in the related case BS118244; a "TRO" with storytelling and creative writing, allegations that were never confirmed, verified nor certified intended to stop the investigation of Mr. Castaneda of the "investment" made at Sonia Mercado's financial institution. Besides, after a complaint was filed with Commission on Judicial Performance, Mr. Conway "confessed" that it was his "error" in the litigation! But, first, Mr. Conway made sure to include his intentional "error" in a Declaration to the Court before the hearing of May 9, 2009. The Declaration was false as to the "Confusion" of cases that resulted in the damages. How can a competent attorney settle a case on the same day that Conway claimed he was retained? Mr. Conway testified of being retained on February 2, February 3! This is a lie and Mr. Conway and the Corrupt State Bar of California have evidence of the crime. For proof, see the two contracts with Mr. Conway of January 4, 2008 (GC039459, GC039473) and December 17, 2008 (BC402096, GC042105).

_United States v. Dunnigan_ Supreme Court of the United States Feb 23, 1993 507 U.S. 87 Respondent was properly given an enhanced sentence because the U.S. Constitution permitted a court to enhance respondent's sentence under federal sentencing guidelines where the court found that respondent committed perjury at the trial.

Again, It is "abundantly crystal clear" that the best liar is winning cases in the courts in California. For a long time, Judges look the other way when attorneys make up stuff in court without any real consequences or fear from lying in a court of law. Or as Attorney Conway and Shomer stated to Administrator: _"If you control the lies, you control the deal"_ The State Bar is a corrupt agency that fails to protect the public from wrongdoing in a court of law. For proof, see the Complaints v. Attorney(s) Mercado, MacCarley, Counts, Paz, Conway, Anderson, Flanagan, and others that deprived the Estate of Due Process with the intent to enrich themselves. For proof, Attorney Michael

John Flanagan appeared in the Estate of Luis Castaneda, presided by Judge Swartz in the now closed Probate Department, he, Mr. Flanagan stated as true that he, personally had met Mrs. Felicitas Castaneda, that she approved the $90,000.00 settlement, and that Mrs. Castaneda "spoke" English at meeting to settle the case v. DeMent. This is a lie and Fraud Upon the Court. Attorney(s) for the Estate Robert Gomez and Oscar A. Acosta know for a fact that Mr. Flanagan was lying to the court! They failed to report him to the State Bar of California for prosecution!!!

_Johnson v. United States_ Supreme Court of the United States May 12, 1997 520 U.S. 461 It was plain error for the trial court to have decided issue of materiality in a perjury trial, but court was not required to correct error because evidence of materiality was overwhelming and error did not affect integrity of judicial proceedings. Who gets to decide as to whether an "error" does not affect the "Integrity of Judicial Proceedings" Does a "Sanction" or "Judgment" for almost a million dollars not a reminder of how corrupt the court system really operates in Los Angeles? A judgment piled up with lie after lie after lie. Clearly, the best liar wins!

## 11. §7.1 TACTICAL CONSIDERATIONS a. Variety of Actions and Forums available

Litigation of probate and trust matters offers a variety of forms of actions and courts. When the issue is ownership or control of assets, there may be several avenues of attack. Some situations merely present choices between different probate remedies, e.g., between an heirship petition under Probate C §11700 and a property claim under Probate Code §850. Other situations may permit filing of a civil claim in either superior court or federal, with the possibility of a jury trial for some or all of the claims. Although the attorney normally should seek to minimize expense and delay by trying

multiple issues in a single proceeding, that may not be possible because of an inability to obtain jurisdiction over the property in question or the persons involved.

## 12. §9.1 JURISDICTION

The Superior Court has jurisdiction over proceedings under the Probate Code. See Cal. Constitution Article VI, §10. When a superior court exercises that jurisdiction, however, it is not, strictly speaking, a separate "probate court," even when it has separate probate departments. Rather the probate department judge or other judge exercising jurisdiction under the Probate Code acts on behalf of the superior court sitting in probate. See Estate of Tierney (1944) 63 Cal2d 295, 300. The superior court sitting in probate is a court of general jurisdiction and has all the powers of the superior court. Probate Code §§800, 17001. Thus, any jurisdictional conflicts affecting probate code proceedings within a single superior court are between the superior court in probate and the superior court sitting in a separate civil action.

Federal District courts may hear certain probate matters under diversity jurisdiction, but a probate exception to diversity jurisdiction bars federal court from probating estates. See Markham v. Allen (1946) 326 US 490, 494, 259 66 S Ct 296; §9.6

## 13. §9.1 FEDERAL JURISDICTION

A narrow probate exception to federal court jurisdiction reserves to state probate courts the or annulment of a will, the administration of the decedent'estate, and any other purely probate matter, but does not bar federal courts from adjudicating matters outside those confines.

The probate exception does not bar federal courts from entertaining suits in favor of creditors, legatees, heirs, and other claimants against a decedent's estate to establish their claims, as long as the federal court does not interfere with the probate proceedings

or assume general jurisdiction of the probate or control of the property in the state court's custody. Markham v. Allen (1946) 326 US 490, 494, 66 S Ct 296.

The federal circuits are split as to the extent to which the probate exception applies to claims involving trust administration in diversity. Many courts, including the Supreme Court in *Marshall v. Marshall* (*In re Marshall*), supra, have applied the probate exception to cases that involve trusts. (probate exception did not apply to claim for tortious interference **with a gift or inheritance filed in bankruptcy case)**

### 14. §9.11 B Heirs and Devisees

An heir is any person entitled to take property of the decedent by intestate succession. Probate Code §44. A devisee is a person designated in a will to receive property of the decedent. Probate Code §§32, 34. As interested persons  (Prob C 48), heirs and devisees generally have standing to contest a will. Heirs or devisees may, by themselves generally have standing to contest a will. Heirs or devises may, by themselves or together with the personal representative, file an action for possession of property or to quiet title to property against any person except the personal representative. Probate Code 9654. On this basis, heirs and devisees generally have standing to contest the validity of an inter vivos trust. *Olson v. Toy* (1996) 46 CA4th 818, 823.

### 15. §9.12 Personal Representatives

A successor personal representative is entitled to sue on behalf of the estate and can bring any action that the former personal representative could have maintained. Probate Code §8524; *Borisoff v. Taylor & Faust* (2004) 33 C4th 523, 530;

## 16.§7.8 TORTIOUS INTERFERENCE WITH EXPECTED INHERITANCE

A California court of appeals officially recognized this cause of action in *Beckwith v. Dahl* (2012) 205 CA4th 1039. The court noted that most states that considered the issue have validated this cause of action, which the U.S. Supreme Court characterized as being "widely recognized." 205 CA4th 1050, citing *Marshall v. Marshall* (*In re Marshall*) (2006) 547 US 293, 312, 126 S Ct 1735.

In *Beckwith,* the decedent's sister allegedly falsely promised his longtime companion that she would have a trust prepared splitting the decedent's assets equally between them, consistent with the decedents lost will. After the decedent die, his sister opened a probate, claiming the entire estate for herself on grounds of intestacy. The probate court held that the companion lacked standing to oppose, because he was not an intestate heir or a creditor of the estate. He then sued the sister, alleging interference with his expected inheritance. The court of appeal reversed the trial court, expressly recognizing a cause of action for tortious interference on the showing of five elements:

A) Expectancy of an inheritance;

B) Causation (a reasonable degree of certainty that the bequest or devise would have been in effect at the time of the testator's death if there not been no interference);

C. Intent (Defendant had knowledge of the expectancy of inheritance and took deliberate action to interfere with it);

D. Interference conducted by independently tortious means (the underlying conduct was wrongful for some reason other than the fact of interference); and

E. Damages from the interference.

c. ***Application of Beckwith's Complaint to this matter before the court:*** " (4) Having decided we can recognize a cause of action for IIEI, we turn to whether Beckwith

sufficiently stated the cause of action in his complaint. *HN5*        To state a claim for

1    IIEI, a plaintiff must allege five distinct elements. (*Munn, supra*, 185 Cal.App.4th at p.

2    588.) First, the plaintiff must plead he had an expectancy of an inheritance. It is not

3    necessary to allege that "one is in fact named as a beneficiary in the will or that one has

been devised the particular property at issue. [Citation.] That requirement would defeat

4    the purpose of an expectancy claim. ... It is only the expectation [***29] that one will

5    receive some interest that gives rise to a cause of action. [Citations.]" (*Plimpton v.

Gerrard* (Me. 1995) 668 A.2d 882, 885–886.) Second, as in other interference torts, the

6    complaint must allege causation. "This means that, as in other cases involving recovery

7    for loss of expectancies ... there must be proof amounting to a reasonable degree of

certainty that the bequest or devise would have been in effect at the time of the death of

8    the testator ... if there had been no such interference." (Rest.2d Torts, § 774B, com. d,

9    p. 59.) Third, the plaintiff must plead intent, i.e., that the defendant had knowledge of

the plaintiff's expectancy of inheritance and took deliberate action to interfere with it.

10   (See *Carlson v. Warren* (Ind.Ct.App. 2007) 878 N.E.2d 844, 854.) Fourth, the

11   complaint must allege that the interference was conducted by independently tortious

means, i.e., the underlying conduct must be wrong for some reason other than the fact

12   of the interference. (*Doughty v. Morris* (Ct.App. 1994) 117 N.M. 284 [871 P.2d 380,

383–384].) Finally, the plaintiff must plead he was damaged by the defendant's

13   interference. (*Munn, supra*, 185 Cal.App.4th at p. 588.)

14

15                                      **Verification:**

16   I, Jose Castanda, in Propria Persona, yet the court will want to treat me like an attorney,

17   see BC402096 Justice Robert Mosk, I have read the foregoing Petition for Turnover of

18   Estate Property Pursuant to Probate Code 850 and for double damages and for

19   attorney's fees paid to Chad Thomas Pratt, Emahn Counts and Jack Kenneth Conway

20   pursuant to Probate Code 859. The facts therein are true of my own knowledge and

21   supported by an abundance of evidence that the court manipulates, removes and or

22   steals, except for those facts stated on information and belief, and in such case, I

23   believe them to be true.

24

25   I Declare under penalty of perjury of the laws of the state of California that the

26   foregoing is true and correct.

27   Dated: 1/31/19.                    Jose Castaneda, Administrator with will annexed

28

IN THE SUPREME COURT OF THE STATE OF OREGON

IN RE RESIGNATION OF

JAN WALLS ANDERSON,

BAR #080490,

from the practice of law in Oregon.

N004148

## ORDER ACCEPTING RESIGNATION

The Supreme Court accepts the FORM A RESIGNATION of JAN WALLS ANDERSON
from the practice of law in Oregon under Oregon State Bar Rules of Procedure 9.1 to
9.3 and 12.6.

12/11/2013
1:31:18 PM

THOMAS A. BALMER
CHIEF JUSTICE, SUPREME COURT

c:  Jan Walls Anderson
    John S Gleason
    Oregon Professional Liability Fund

kag

ORDER ACCEPTING RESIGNATION



Oregon State Bar

December 9, 2013

*VIA E-FILING*
Gracie Rivera
State Court Administrator's Office
Supreme Court Building
1163 State Street, N.E.
Salem, OR  97301

     RE:    Resignation of Jan Walls Anderson, Bar No. 080490

Dear Ms. Rivera:

    Attached is an electronic copy of the Form A Resignation of attorney Jan Walls Anderson. This matter is transmitted to you for the court's consideration pursuant to Rule 9.2 of the Rules of Procedure.

    This office knows of no reason why the enclosed resignation should not be accepted. Please notify this office and  Jan Walls Anderson of the court's disposition in this matter. Thank you.

               Sincerely yours,

               John S. Gleason
               Regulatory Services Counsel
               Extension 319

JSG:jb
Enclosures

cc:
Jan Walls Anderson
8015 SW Iowa Hill Rd.
Cornelius, OR 97113

*Oregon State Bar Regulatory Services, P.O. Box 231935, Tigard, OR 97281-1935*

## In The Supreme Court of the State of Oregon

In Re:

JAN WALLS ANDERSON )
                                                    )
Bar No. 080490                         )
                                                    )
                                                    )
State of OREGON                     )
                                                    )          ss.
County of WASHINGTON  )

**Form A Resignation**

> RECEIVED
> DEC 0 1 2013
> REGULATORY SERVICES

I, JAN WALLS ANDERSON , being duly sworn on oath, depose and say that my residence address is: 8015 SW IOWA HILL RD    CORNELIUS ,
OREGON , 97113 , 503-357-6040 , and that I hereby
    (state)              (zip-code)          (phone no.)
tender my resignation from membership in the Oregon State Bar and respectfully request and consent to my removal from the roster of those admitted to practice before the courts of this state and from membership in the Oregon State Bar.

☐ I hereby certify that all client files and client records in my possession have been or will be placed promptly in the custody of ~~, a resident Oregon attorney,~~ whose principal office address is: ~~, and that all~~ ~~such clients have been or will be promptly notified accordingly.~~

☑ I hereby certify that I have no active, Oregon client files.

Dated at 9:00 AM , this 27th day of November , 20 13 .

Signature of Attorney Jan W. Anderson

Subscribed and sworn to before me this 27th day of NOVEMBER , 20 13 .

Signature Pamela S. Hendricks

Notary Public for OREGON

My Commission Expires: 8/22/2017

> OFFICIAL SEAL
> PAMELA S HENDRICKS
> NOTARY PUBLIC - OREGON
> COMMISSION NO. 480333
> MY COMMISSION EXPIRES AUGUST 22, 2017

---

I, Sylvia E. Stevens, Executive Director of the Oregon State Bar, do hereby certify that there are not now pending against the above-named attorney any formal disciplinary charges and no complaints, allegations or instances of alleged misconduct involving said attorney are under investigation by the Oregon State Bar.

Dated this _____ day of _____ , 20_____ .

OREGON STATE BAR
by: Sylvia E. Stevens (Executive Director)

FORM A 1/09

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|
| HOSP, LYTLE, RICHARD & GRANIERI <br> 1130 E. Green Street <br> Pasadena, CA 91106 <br> Attn.: Marvin G. Fischler, Esq. | (818) 792-2400 | **FILED** <br> AUG - 8 1988 <br> FRANK S. ZOLIN   County Clerk |
| ATTORNEY FOR *(Name):* Conservator | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 E. Walnut Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Northeast District

| ESTATE OF *(NAME):*   LUIS CASTANEDA | CASE NUMBER: |
|---|---|
| ☐ DECEDENT   ☒☒ CONSERVATEE   ☐ MINOR | NE P 33623 |
| **INVENTORY AND APPRAISEMENT** | Date of Death of Decedent or of Appointment of Guardian or Conservator: 3/18/88 |
| ☒☒ Complete          ☐ Final <br> ☐ Partial No.:     ☐ Supplemental <br> ☐ Reappraisal for Sale | |

**APPRAISALS**

|  |  |  |
|---|---|---|
| 1. | Total appraisal by representative (attachment 1) | $      252,462.06 |
| 2. | Total appraisal by referee (attachment 2) | $    2,131,958.20 |
| | | TOTAL: $  2,383,820.26 |

**DECLARATION OF REPRESENTATIVE**

3. Attachments 1 and 2 together with all prior inventories filed contain a true statement of
   ☒☒ all   ☐ a portion   of the estate that has come to my knowledge or possession, including particularly all money and all just claims the estate has against me. I have truly, honestly, and impartially appraised to the best of my ability each item set forth in attachment 1.
4. ☐ No probate referee is required   ☐ by order of the court dated *(specify):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/8/88

JOSE CASTANEDA                                          x ▶ *Jose Castaneda*
(TYPE OR PRINT NAME) *(Include title if corporate officer)*              (SIGNATURE OF PERSONAL REPRESENTATIVE)

**STATEMENT REGARDING BOND**
*(Complete if required by local court rule)*

5. ☐ Bond is waived.
6. ☐ Sole personal representative is a corporate fiduciary.
7. ☐ Bond filed in the amount of: $
8. ☒☒ Receipts for: $ 221,362.06   ☐ Sufficient   ☐ Insufficient   have been filed with the court for deposits in a blocked account
   at *(specify institution and location):* Sanwa Bank California
   171 S. Lake Avenue, Pasadena, CA 91101

Date: August 8, 1988                                    ▶ *Marvin Fischler*
                                                        (SIGNATURE OF ATTORNEY OR PARTY WITHOUT ATTORNEY)

**DECLARATION OF PROBATE REFEREE**

9. I have truly, honestly, and impartially appraised to the best of my ability each item set forth in attachment 2.
10. A true account of my commission and expenses actually and necessarily incurred pursuant to my appointment is
    Statutory commission: $   2,131.96
    Expenses (specify):  $      -0-
                TOTAL: $   2,131.96

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: JUL 8 1988

MARSHA CLAMAN                                           ▶ *M. M. Claman*
(TYPE OR PRINT NAME)                                    (SIGNATURE OF REFEREE)

*(Instructions on reverse)*

200    Form Approved by the      INVENTORY AND APPRAISEMENT      781862H      Prob C 600-611.

(Page 22 of 582)

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles _____ } ss.

On 8/8/2000 , before me, Robert J. Gomez, Jr.
Date                              Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared Jose Castaneda
                                    Name(s) of Signer(s)

ROBERT J. GOMEZ JR.
Commission # 1201009
Notary Public - California
Los Angeles County
My Comm. Expires Dec 4, 2002

Place Notary Seal Above

☒ personally known to me
☒ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
                              Signature of Notary Public

───────────── OPTIONAL ─────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: Receipt on Distribution

Document Date: 8/8/2000 _____ Number of Pages: 1

Signer(s) Other Than Named Above: N/A

## Capacity(ies) Claimed by Signer

Signer's Name: Jose Castaneda
☒ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 1997 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402          Prod. No. 5907          Reorder: Call Toll-Free 1-800-876-6827

SUPREME COURT
FILED

(State Bar Court Nos. 13-O-15643 (13-O-16810; 13-O-16847))

NOV 2 0 2014

S221442

Frank A. McGuire Cler

Deputy

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re JACK KENNETH CONWAY on Discipline

The court orders that Jack Kenneth Conway, State Bar Number 45063, is disbarred from the practice of law in California and that his name is stricken from the roll of attorneys.

Jack Kenneth Conway must also comply with California Rules of Court, rule 9.20, and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of this order.

Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

I, Frank A. McGuire, Clerk of the Supreme Court
of the State of California, do hereby certify that the
preceding is a true copy of an order of this Court as
shown by the records of my office.
Witness my hand and the seal of the Court this
___ day of __November__ 20__

Clerk

By: _____

**CANTIL-SAKAUYE**

*Chief Justice*

kwiktag®    152 140 793

c.   not to transmit or send e-mails, facsimiles, letters, nor serve copies of
pleadings or documents relating to this matter to any person outside this
litigation, excluding counsel who may represents him herein; and

d.   to immediately cease and desist in contacting attorneys Mildred K.
O'Linn and Antonio Rodriguez in any manner whatsoever, including by
use of mail, e-mail, telephone or through any use of the Internet.

**IT IS SO AGREED AND STIPULATED.**

DATED: February 2, 2009            Respectfully Submitted,
                                   **LAW OFFICES OF ROBERT BERKE**

                                   By _____
                                   Robert Berke, Counsel for Plaintiff Sonia Mercado

DATED: February 2, 2009            Respectfully Submitted,
                                   **LAW OFFICES OF R. SAMUEL PAZ**

                                   By _____
                                   R. Samuel Paz, Counsel for Plaintiff R. Samuel Paz

DATED: February 2, 2009            Respectfully Submitted,
                                   **LAW OFFICES OF JACK CONWAY**

                                   By _____
                                   Jack Conway, Counsel for Defendant Jose Castaneda
                                   aka Jose Castaneda Salazar

My own attorney pleaded me guilty without my knoledge or consent !

**STIPULATION FOR AN INJUNCTION**                                    -4-