# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 19-0736 FMO (JCx) | Date | February 14, 2019 |
|---|---|---|---|
| Title | Estate of Castaneda, et al. v. The L.A.S.C., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**      (In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction

    On January 31, 2019, plaintiffs Estate of Castaneda and Jose Castaneda (collectively, "plaintiffs") filed a "Petition Turnover of Estate Property Pursuant to Probate Code § 850", (Dkt. 1, "Petition"), in this court against defendants the L.A.S.C., State Bar of CA, Comm. Jud. P., Judge Debra Katz Weintraub, Disbarred Jack K. Conway, Lisa Marie MacCarley, Michael J. Flanagan, Robert Gomez, James R. Felton, Manuel Hidalgo, Oscar A. Acosta, Former Judge Joseph Francis DeVanon, Washington Mutual Bank, JP Morgan Bank, the State of California, and 100 Doe defendants. (See id. at ECF 1). Federal subject matter jurisdiction is premised solely on diversity of the parties. (See id. at ECF 3-5).

    When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

    If a defendant is a "natural person," her citizenship is "determined by her state of domicile," which is "her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). If a defendant is a corporation, its citizenship is usually the state in which it was incorporated and the state where the corporation has its principal place of business. See City of Vista v. Gen. Reinsurance Corp., 295 F.Supp.3d 1119, 1123 (S.D. Cal. 2018).

    Here, plaintiffs allege that one of them "was and still is a resident and citizen of the State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0736 FMO (JCx) | Date | February 14, 2019 |
|---|---|---|---|
| Title | Estate of Castaneda, et al. v. The L.A.S.C., et al. | | |

of California." (Dkt. 1, Petition at ECF 4). Plaintiffs then identify two defendants, "the Andersons,"[1] and Judge DeVanon, as being citizens of, respectively, Oregon and Alabama. (See id.). However, plaintiffs do not identify the citizenship of the other individuals and entities whom they are suing. (See, generally, id.).

Moreover, in order for this court to have subject matter jurisdiction based on diversity jurisdiction, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). Here, plaintiffs aver that they "seek[] damages of not less than $6,000.00, exclusive of interest and costs." (Dkt. 1, Petition at ECF 4).

Finally, the court notes that plaintiffs invoke California probate law and seek "recovery for the entire value of the properties and monies belonging to the Estate of Luis and Felicitas Castaneda." (Dkt. 1, Petition at ECF 13). However, "the probate exception" to subject matter jurisdiction "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 312, 126 S.Ct. 1735, 1748 (2006). In other words, this court's "equity jurisdiction does not include the authority to decide cases which would require it to[] 'interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.'" Wells Fargo Bank, N.A. v. Stern, 2003 WL 22114268, *2 (N.D. Cal. 2003) (quoting Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 298 (1946)).

Based on the foregoing, IT IS ORDERED that:

1. No later than **February 27, 2019**, plaintiffs shall filed a First Amended Complaint setting forth allegations establishing: (1) the citizenship of every defendant and every plaintiff; and (2) the amount in controversy.

2. Separately, plaintiffs shall, no later than **February 27, 2019**, show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction pursuant to the probate exception referenced above.

3. Failure to file a First Amended Complaint or to respond to this order to show cause will result in the action being dismissed without prejudice for failure to comply with a court order and failure to prosecute and/or for lack of subject matter jurisdiction. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

Initials of Preparer      vdr

---

[1] The court notes that the Andersons are not named as defendants in the Petition's caption. (See, generally, Dkt. 1, Petition at ECF 1).