**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00736-FMO (SK) | Date | March 28, 2019 |
|---|---|---|---|
| Title | Estate of Castaneda et al v. The L.A.S.C. et al | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: VEXATIOUS LITIGATION**

In January 2019, pro se plaintiff Jose Castaneda filed this federal lawsuit against the Los Angeles County Superior Court ("LASC"), two former LASC judges, and more than 10 attorneys (among others) for their alleged roles and involvement in a number of contested state probate matters and related state court lawsuits that were evidently decided against plaintiff. *See, e.g.,* LASC Case Nos. GP013531, GP003849, GP013952, GC042105, GC039459, BC402096, GC047300, BC466737. This is plaintiff's fifth attempt since 2011 to challenge those adverse state court decisions in federal court.[1]

In July 2011, this Court denied plaintiff's in forma pauperis ("IFP") application and dismissed his complaint for several reasons, including absolute judicial immunity and the *Rooker-Feldman* bar against federal court review of state court decisions. *See Jose Castaneda v. Judge Joseph F. DeVanon, et al.*, No. 2:11-cv-4968, Dkt 3 (July 7, 2011). In September 2012, this Court denied another of plaintiff's IFP applications and dismissed a similar complaint in part for being legally and factually frivolous. *See James Blume & Jose Castaneda (on behalf of the People of the State of California) v. Los Angeles and Orange County Superior Courts, et al.,* No. 2:12-cv-7657, Dkt 2 (Sept. 25, 2012). Plaintiff appealed that dismissal to the Ninth Circuit, which also denied him IFP and dismissed the appeal as frivolous. *See* Appeal No. 12-56906 (Jan. 24, 2013).

One year later, plaintiff refiled the same set of claims in this Court against six justices of the California Court of Appeal, 14 LASC judges, 13 attorneys, and six state court clerks. *See Jose Castaneda, et al. v. Officers of the Superior Court, et al.*, 2:14-cv-3179, Dkt 3 (May 12, 2014). Denying his application for IFP status a third time, this Court dismissed the complaint for frivolity, judicial immunity, and other legal grounds. Plaintiff tried to file at least five more

---

[1] The Court may take judicial notice of these federal and state court proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00736-FMO (SK) | Date | March 28, 2019 |
|---|---|---|---|
| Title | Estate of Castaneda et al v. The L.A.S.C. et al | | |

pleadings and a motion for reconsideration, all of which were summarily stricken or denied. Then, just last year, plaintiff filed his fourth federal lawsuit based on the same underlying adverse state court decisions but adding (among others) the California State Bar as a named defendant, resulting in another denial of IFP status and summary dismissal of his complaint as frivolous and barred by judicial immunity. *See Estate of Castaneda, et al. v. L.A.S.C., et al.* 2:18-cv-6795-FMO, Dkt 6 (Aug. 13, 2018). Plaintiff again appealed that dismissal to the Ninth Circuit, which for a second time denied his IFP motion and dismissed his appeal as frivolous or malicious in December 2018. *See* Appeal No. 18-56199 (Dec. 20, 2018). Less than one month later, plaintiff refiled here but this time without an application to proceed IFP. Yet just like the four lawsuits before, this action cannot proceed in federal court because, among many other reasons, it is an "de facto appeal" of adverse state court orders over which no federal court has jurisdiction. *Kougasian v. TMLS, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

"District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Id*. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Therefore, on its own motion, this Court "may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant." Local Rule 83-8.2. The Court may also "make such other orders as are appropriate to control the conduct of a vexatious litigant," including "a directive to the Clerk not to accept further filings from the litigant . . . without written authorization from a judge of the Court." *Id*.

THEREFORE, Plaintiff is **ORDERED TO SHOW CAUSE** in writing (not to exceed 15 pages) by no later than **April 12, 2019** why he should not be declared a vexatious litigant in accordance with Local Rule 83-8. Plaintiff may discharge this order to show cause by filing a Notice of Voluntary Dismissal using the attached form CV-009. If Plaintiff does not file a notice of voluntary dismissal or other timely written response to this order by **April 12, 2019**, the Court may also dismiss this action involuntarily for lack of prosecution. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

All other dates or deadlines, including the current April 22, 2019 deadline for plaintiff's opposition to defendants' motion to dismiss (Dkt 20), are VACATED. All discovery is STAYED until further order of the Court.

**IT IS SO ORDERED.**