FILED
CLERK, U.S. DISTRICT COURT
5/20/2019
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CASTANEDA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE L.A.S.C., et al., <br><br> Defendants. | Case No. CV 19-0736 FMO (SK) <br><br> **ORDER DISMISSING ACTION AND SETTING PRE-FILING RESTRICTIONS FOR VEXATIOUS LITIGANT** |

## BACKGROUND

In January 2019, Jose Castaneda filed this lawsuit against the Los Angeles County Superior Court ("LASC"), two former LASC judges, and more than 10 attorneys for their alleged roles in contested state probate matters and related lawsuits decided against plaintiff. See, e.g., LASC Case Nos. GP013531, GP003849, GP013952, GC042105, GC039459, BC402096, GC047300, BC466737. But plaintiff filed a nearly identical federal lawsuit just last year that the Court dismissed as frivolous. See Estate of Castaneda, et al. v. L.A.S.C., et al., No. 2:18-cv-6795-FMO, Dkt 6 (Aug. 13, 2018). Plaintiff then appealed that dismissal, but the Ninth Circuit dismissed the appeal as frivolous. See CA9 Appeal No. 18-56199 (Dec. 20, 2018).

This case, in fact, is plaintiff's fifth attempt since 2011 to find a federal forum to challenge adverse state court decisions from contested probate matters. And in all cases, plaintiff's claims were summarily dismissed because they lacked an arguable basis in law or fact. See, e.g., Castaneda v. Judge Joseph F. DeVanon, et al., No. 2:11-cv-4968, Dkt 3 (July 7, 2011); Castaneda, et. al. v. LA and Orange County Superior Courts, et al., No. 2:12-cv-7657, Dkt 2 (Sept.

25, 2012); Castaneda, et al. v. Officers of the Superior Court, et al., 2:14-cv-3179, Dkt 3 (May 12, 2014). So, for instance, when plaintiff sought in forma pauperis in connection with his appeal of the dismissal of his 2012 lawsuit, the Ninth Circuit denied the request because it found the appeal was frivolous, as well. See CA9 Appeal No. 12-56906 (Jan. 24, 2013) ("Appellants' motion to proceed in forma pauperis is denied because we find that the appeal is frivolous.").

For these reasons, plaintiff was ordered to show cause why he should not be declared a vexatious litigant under Local Rule 83-8. (Dkt 37). In that order, he was reminded why this case – like the four before it – cannot proceed in federal court because, among other reasons, it amounts to an impermissible appeal from state court orders over which federal courts have no jurisdiction. (Id. at 2). Plaintiff was given the chance to dismiss this lawsuit voluntarily to avoid vexatious litigant designation. (Id.). Yet while he responded to the order to show cause – with a response titled in part "Petition to Order all parties to respond in theft of Estate Property" – plaintiff provided no basis to excuse his vexatious litigation history in this Court. (See, generally, Dkt 40). As a result, this action must be dismissed, and plaintiff must be given vexatious-litigation restrictions in accordance with Local Rule 83-8.

## DISCUSSION

"A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction." Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984). A claim is frivolous if it has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Court may thus dismiss at any time a complaint that is "insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998). These standards apply here because, among many other factual and legal deficiencies, plaintiff's action is foreclosed by the Rooker-Feldman doctrine. See, e.g., Kougasian v. TMLS, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (federal courts have no jurisdiction over suit that is "de facto appeal" of state court decision). The Rooker-Feldman bar applies "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003). For this reason alone, plaintiff's complaint must be dismissed without

leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

Pre-filing limits against plaintiff are also needed to discourage more vexatious litigation. "District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir. 1999). Although "pre-filing orders are an extreme remedy that should rarely be used," Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007), they are appropriate when, as here, "the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83-8.3. An order imposing a pre-filing restriction on a litigant must: (1) give notice and an opportunity to be heard; (2) develop an adequate record for review; (3) make substantive findings about the litigant's frivolous litigation history; and (4) narrowly tailor the pre-filing restriction. See De Long v. Hennessy, 912 F.2d 1144, 1147-48 (9th Cir. 1990).

Here, plaintiff was given notice and an opportunity to be heard. (Dkts 37, 40). No hearing is required if plaintiff was given the chance to respond in writing. See Molski, 500 F.3d at 1058-59. The Court has also taken judicial notice of plaintiff's long litigation history, as outlined above, in both the state and federal courts. See Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (federal court may take judicial notice of state court records); United States v. Author Servs., 804 F.2d 1520, 1523 (9th Cir. 1986) (same for federal court records). That outline of plaintiff's litigation history creates an adequate record for review. See Ringgold-Lockhart v. Cty. of Los Angeles, 761 F.3d 1057, 1063 (9th Cir. 2014).

As for substantive findings, plaintiff's vexatious litigation record speaks for itself. Based on the number and content of his filings, combined with their lack of merit and duplicativeness, see Molski, 500 F.3d at 1058-59, it is impossible to "discern" any motive other than "an intent to harass the defendant or the court." De Long, 912 F.2d at 1148 n.3. And plaintiff's meritless, repetitive suits have consumed considerable judicial resources, occupying the attention of no fewer than two district judges, four magistrate judges, and two appellate court panels. See Molski, 500 F.3d at

1058 (considering unnecessary burden on judges and court staff as factor in vexatious litigant analysis). The Court thus finds that plaintiff has "abused the Court's process and is likely to continue such abuse." L.R. 83-8.3.

Finally, there appear no "less restrictive options, are adequate to protect the court and parties." Ringgold-Lockhart, 761 F.3d at 1064. If plaintiff has not by now learned-after four dismissals at the district court level and being twice rebuffed by the Ninth Circuit-that federal court cannot be an appellate forum for adverse state court decisions, the only remaining option is to impose stringent pre-filing conditions. Such conditions may include the posting of security for the "costs, sanctions or other amounts which may be awarded against a vexatious litigant." L.R. 83-8.2. They may also include a "directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court." L.R. 83-8.2.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's First Amended Complaint (Dkt 11) is dismissed without leave to amend, and this action is ordered dismissed with prejudice.

2. Jose Castaneda, anyone acting on his behalf, and any entities controlled by him may not file suit in this Court related to the state probate matters referenced above without first:

   (a) obtaining written authorization from a District Judge;

   (b) paying the full amount of required filing fees; and

   (c) depositing $500 as security.

3. All pending motions and requests (Dkts 20, 21, 41, 42, 44) are denied as moot.

Dated this 20th day of May, 2019.

/s/
Fernando M. Olguin
United States District Judge